UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVEN CARTER,
    Plaintiff,

vs.                              04-1157

ERIKA HOWARD, et al.,
    Defendants.

### MERIT REVIEW ORDER

The plaintiff seeks leave to proceed on appeal in forma pauperis [d/e24]. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), where the court held that an appeal from a dismissal for frivolousness cannot be in good faith.

A review of the record indicates the plaintiff has filed an impermissible interlocutory appeal. On June 16, 2004, the court held a merit review of the plaintiff's complaint. The plaintiff appeared, via telephone conference. On June 29, 2004, after considering the plaintiff's complaint, the court dismissed the plaintiff's claims regarding denial of phone calls to his family; access to commissary and audio/visual equipment, and access to AA and NA meetings, and counseling as alleged in his complaint; and a due process claim related to a disciplinary hearing. Further, the court allowed the plaintiff to proceed only on his First Amendment claim that he was denied access to religious service. On July 21, 2004, the plaintiff filed a notice of appeal, d/e 13, and on August 24, 2004, the plaintiff's filed a motion to proceed in forma pauperis on apopeal, d/e 24.

The plaintiff has not motioned the court for leave to file an interlocutory appeal. Further, the plaintiff has stated no basis for allowing an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court does not feel that an immediate appeal would materially advance the ultimate termination of the litigation. Since the court has not been able to find any timely colorable constitutional claims on the issues it disposed of in its June 29, 2004 order, the court cannot find a good faith basis for appeal.

Accordingly, the court denies the plaintiff's motion for leave to proceed *in forma pauperis* and the court certifies that the plaintiff's appeal was filed in bad faith pursuant to 28 U.S.C. § 1915(a)(3). *See Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997). The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith,

the appellant cannot prosecute the appeal *in forma pauperis*, but must pay the appellate fees of $250.00 within 14 days. *Id.* at 434. If the plaintiff wishes to contest this court's findings, that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order. *See* Fed.R.App.P. 24(a).

**It is therefore ordered:**

1. The plaintiff's motion for leave to appeal *in forma pauperis* is denied, d/e 24.
2. The plaintiff is directed to remit to the clerk of the court the $250.00 appellate fee within 14 days of the date of this order.
3. The clerk of the court is directed to send a copy of this order to the United States Court of Appeals for the Seventh Circuit.

**Enter this 30th day of August 2004.**

/s/ Harold A. Baker
_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT JUDGE**