E-FILED
Friday, 24 September, 2004 10:59:28 AM
Clerk, U.S. District Court, ILCD

FILED
SEP 23 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT FOR ILLINOIS

KEVEN CARTER,
   PLAINTIFF-PETITIONER,

VS.

ERIKA HOWARD, et al.,
   DEFENDANTS-RESPONDENT

CASE NO. 1:04-CV 1157

PAGE 1 OF 6

## PETITION to FILE AN AMENDED 42 U.S.C. § 1983 COMPLAINT

NOW COMES the PLAINTIFF, KEVEN CARTER, APPEARING PRO SE, MOVES this HONORABLE COURT to ALLOW him to FILE AN AMENDED CLAIM PURSUANT to <u>HEIDELBERG V. HAMMER</u>, 577 F.2d 429 (7th CIR. 1978), SO he CAN REPLEAD his PETITION AND then have this HONORABLE COURT DETERMINE IF he has STATED AN VALID CLAIM.

IN SUPPORT, the PLAINTIFF STATES:

1. That he IS CONSIDERED AS A LAY PERSON AND that his PETITION PREVIOUSLY FAILED to ADEQUATELY STATE ALL his ISSUES WHERE the COURT CAN DETERMINE IF A VALID CLAIM IS STATED.

2. That pro se litigants should be given every opportunity to state a valid claim.

3. That a motion to dismiss or an finding to dismiss a complaint for failure to state a claim should not be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". HAINES V. KERNER, SUPRA, 404 U.S, At 521, 92 S.Ct At 596. In his amended complaint, he can show beyond an reasonable doubt among the defendants, an conspiracy of intentional acts among the Illinois Dept. of Corrections staff which is a constitutional deprivation of Rule 12(b)6, which denies the plaintiff his due process rights.

4. That the plaintiff's allegations are true and shall draw all reasonable inferences in the light most favorable to the plaintiff, See INFINITY BROADCASTING V. PRUDENTIAL INS. COMPANY, 869 F.2d 1073, 1075 (7th Cir. 1989).

5. That the plaintiff's claim should be evaluated by comparing conditions of inmates confinement in segregation with conditions of segregation in the state's entire prison system, not just the inmates prison. See <u>Wagner V. Hanks</u>, 128 F.3d 1173, 1176 (7th Cir. 1997).

6. That if the court denies his petition, they are denying his constitutional right to access the courts since he can't afford to hire an attorney to prepare his valid claims.

The plaintiff respectfully ask this honorable court to consider his amended complaint since this court denied his request for counsel and to proceed in forma pauperis on his appeal. The plaintiff is stuck because he strongly feels he does have a valid claim, but he is a lay person with no adequate access to law library due to his imprisonment and that he filed motions etc. that are not

taking him anywhere and he is being prejudice due to being poor and not being able to hire counsel.

The plaintiff ask that this honorable court to give him the benefit of the doubt that his claim is valid and to allow it to be decided by a panel of 12 people, instead of one person. The plaintiff has been paying his docketing fee's until the $150.00 filing fee is paid, and if this court doesn't give him the chance to proceed with counsel, he would pay $150 and his grievances would go unanswered.

The plaintiff will withdrawl all pending motions, etc. that are pending in this court and the 7th circuit court appeals if his amended complaint will be considered by this court.

The Plaintiff failed to file the proper appeal notice because he doesn't have anyone assisting him and doesn't have the adequate law library access he needs to file a valid claim. The Plaintiff has an estimated IQ of 70, which is borderline of intellectual functioning, according to Dr. Meyers adjudication of fitness to stand trial, of the Plaintiff which prevents him to understand what he reads and to prepare a claim, so he needs counsel appointed to assist him. The Plaintiff is filing motions, etc, and making more thing complicated then what they should be.

The Plaintiff pray's at this time that this Honorable Court will grant his motion, appoint counsel, and allow him to proceed with his claim so it would be heard and decided by an impartial verdict panel.

STATE OF ILLINOIS
COUNTY OF RANDOLPH

## AFFIDAVIT

I, KEVEN L. CARTER, the PLAINTIFF, IS IMPRISONED AT the MENARD CORRECTIONAL CENTER, AND that he DECLARES UNDER the PENALTY OF PERJURY, that ALL FACTS ARE true AND CORRECT, AND that he has A VALID CLAIM UNDER 42 U.S.C. § 1983.

Keven L. Carter
KEVEN L. CARTER
PRO SE PLAINTIFF
MENARD CORRECTIONAL CENTER
IDOC # R25659
P.O. BOX 711
MENARD, IL. 62259

Subscribed AND SWORN to before me on 9/17/04.
DATE

Regina Summers
NOTARY PUBLIC

"OFFICIAL SEAL"
Regina Summers
Notary Public, State of Illinois
My Commission Exp. 07/21/2005

IN THE
UNITED STATES DIST. COURT
CENTRAL DISTRICT OF ILLINOIS

KEVEN CARTER )
Plaintiff, )
v. ) Case No. 1:04-CV 1157
)
ERIKA HOWARD, et. al., )
Defendant )

## PROOF/CERTIFICATE OF SERVICE

TO: UNITED STATES DIST. COURT  TO: ERIKA HOWARD ~~et al~~
CENTRAL DIST. OF ILL.            CLIFFORD VELLA, Richard Allen Defendants
CLERK OF COURTS                  c/o PONTIAC COR. CENTER
100 N.E. MONROE                  P.O. BOX 99
PEORIA, ILL. 61602               PONTIAC, IL. 61764

TO: ILL. Dept. Of Corrections TO: _____
ATTN Roger E. Walker, JR.          _____
+ Douglas CRAVENS                  _____
1301 Concordia Ct.                 _____
SPRINGFIELD, IL. 62794             _____

PLEASE TAKE NOTICE that on SEPTEMBER 19, 20 04 I have placed the documents listed below in the institutional mail at MENARD Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Amended 1983 Complaint and Motion to Support It.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: SEPT. 20, 2004

/s/ Keven L. Carter
NAME: KEVEN L. CARTER
IDOC#: R25659
MENARD Correctional Center
P.O. BOX 711
MENARD, IL 62259

Revised July 2004

RECEIVED
SEP 2 3 2004
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

KEVEN CARTER                       )
          Plaintiff                )
                                   )
    vs.                            ) Case No. 1:04-CV1157
                                   )
ERIKA HOWARD, et al.,              )
_____            )
_____            )
_____            )
          Defendant(s)             )

"AMENDED" **COMPLAINT**

■ 42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐ 28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐ Other
_____
___

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, KEVEN CARTER, and states as follows:

My current address is: MENARD CORRECTIONAL CENTER P.O. BOX 711 MENARD, IL. 62259

The defendant ERIKA HOWARD, is employed as CHAIRMAN ADJUSTMENT COMMITTEE at PONTIAC CORRECTIONAL CENTER

The defendant CLIFFORD VELLA, is employed as CORRECTIONAL OFFICER at PONTIAC CORECTIONAL CENTER

The defendant RICHARD ALLEN, is employed as CORRECTIONAL OFFICER at PONTIAC CORRECTIONAL CENTER

The defendant DOUGLAS CRAVENS, is employed as ADMINISTRATIVE REVIEW BOARD OFFICE at ILL DEPT. OF CORRECTIONS

The defendant ROGER E. WALKER JR, is employed as DIRECTOR, ILL DEPT. OF CORRECTIONS at SPRINGFIELD, ILL.

(revised 9/96)

Additional defendants and addresses  NONE

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

**LITIGATION HISTORY**

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ■

If yes, please describe

N/A

B. Have you brought any other lawsuits in state or federal court while incarcerated?

Yes ■   No ☐

C. If your answer to B is yes, how many? 1  Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to previous lawsuit:

   Plaintiff(s)  KEVEN CARTER

   Defendant(s)  DETECTIVE ROCKO WAGNER, KUNAL KALKARNI — PUBLIC DEFENDER

2. Court (if federal court, give name of district; if state court, give name of county)

U.S. DISTRICT COURT NORTHERN ILL. ROCKFORD, IL.

3. Docket Number/Judge

UNKNOWN Docket NO. Judge Philip Reinhard

4. Basic claim made

INNEFFECTIVE ASSISTANCE / FALSE ARREST

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?)

CASE DISMISSED 12/02

6. Approximate date of filing of lawsuit OCTOBER 2002

7. Approximate date of disposition

DECEMBER 2002

For additional cases, provide the above information in the same format on a separate page. N/A

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution? Yes ■ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint? Yes ■ No ☐ If your answer is no, explain why not

N/A

N/A

C. Is the grievance process completed? Yes ■ No ☐

*PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY*

## STATEMENT OF CLAIM

Place of the occurrence  PONTIAC CORRECTIONAL CENTER PONTIAC, ILL. 61764

Date of the occurrence  December 26, 2003

Witnesses to the occurrence  Cellmate IN P.C. #751 CELL

State here briefly the FACTS that support your case. Describe how EACH defendant is involved.
Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph.
Unrelated claims should be raised in a separate civil action.
THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.

On 12/26/03, this offender was moved to P.C. - (Protective Custody) from the Farm. He was returning from supper where he ask C/O Stamm that he would like to "please" move from cell #751 because he didn't feel comfortable being with offender who was also in cell #751. This offender was taken to Lt. Deans office where he was instructed to give (Lt. Dean) his ID card. This offender waited outside of Lt. Deans office like he was told to. The next thing this offender was taken to West cell house segregation unit for disobeying an direct order and refusing housing. This offender was not given an direct order to lock up nor did he refuse an direct order by Lt. Dean or C/O Stamm.

On January 1, 2004, this offender asked the Adjustment committee for an continuance in order to prepare an defense and to have witnesses called by chairperson Howard refused this offender request which denies due process rights in prison discipline
over-

Page 6

hearing where he was denied access to call witnesses and to receive help to prepare an defense since he doesn't receive adequate law library access. The adjustment committee lied in summary report by stating no witness was asked by this offender, but was. This offender had no writting supplies to request an continuance prior to hearing because this offender didn't receive his personal property until January 17, 2004 and he was locked down behind solid door where he can't receive anything unless c/o's give him something. This is an conspiracy between all the defendants where the grievance procedure is to believe the reporting officer over the offender. The grievance officer and Adm. Reviewboard failed to give reasons "good" why they believed the c/o's over the offender. The summary report never mentions anything about the c/o's prior history of writting reports or any official misconduct. The correctional staff know they can lie and get away with it because the grievance procedure is 6 person verses 1 inmate which is not impartial and is very presudice/unfair to this offender. This offender was found guilty without being proven guilty beyond an reasonable doubt.

## RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

This offender ask that his petition be heard by an impartial jury and to have an hearing with all witnesses called and to have the C/O's question with this offender's questions. This offender is being denied due process if he doesn't get an fair hearing. If, after such jury hearing, he is not found guilty, he would like to be compensated for all expenses incured and to have such reports expunged from his discipline file.

**JURY DEMAND**      Yes  ☒      No ☐

Signed this 17th day of September, ~~19~~ 2004.

*Keven L. Carter*
*(Signature of Plaintiff)*

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| KEVEN CARTER | R25659 |
| Address: P.O. BOX 711 MENARD, IL. 62259 | Telephone Number: UNKNOWN |