UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KEVEN CARTER,
  PLAINTIFF.

VS.

ERIKA HOWARD et al.,
  DEFENDANTS.

CASE NO. 04-1157

Page 1 of 3

FILED
OCT 28 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION FOR INJUNCTIVE RELIEF § 42 U.S.C § 1983

Now comes the PLAINTIFF, KEVEN CARTER, and moves this Honorable Court for Relief under § 1983, where the DEFENDANTS violated his CONSTITUTIONAL rights in course of DISCIPLINARY prison proceedings on JANUARY 1, and 8, 2004, which resulted in the PLAINTIFF being Found GUILTY and SENTENCED to 5 MONTH(S) SEGREGATION, __ MONTH(S) OF C-GRADE, __ MONTH(S) OF COMMISSARY DENIAL, and __ MONTH(S) LOSS OF AUDIO/VISUAL.

IN SUPPORT OF SAID MOTION, he states:

1. That the defendant's prevented the PLAINTIFF from having witnesses called and interviewed, to have exculpatory documents presented on his behalf and to have law clerk help prepare an adequate defense in light of the fact he never waived those rights, see WOLFF V.

McDONNELL, 418 U.S. 539, 94 S.Ct. 2963; PINO V. DALSHEIM et al., 605 F.Supp. 1305.

2. That the defendants were part of an conspiracy where they joined together to find the plaintiff guilty. They were not fair and impartial by finding him guilty and imposing sentence. PINO V. DALSHEIM et al., 605 F.Supp. 1305; DAVIDSON V. CANNON 474 U.S. 344, 106 S.Ct. 668; FRANCES V. COUGHLIN 891 F.2d 43; HAYES V. WALKER 555 F.2d 625; SPARKS V. DUVAL COUNTY RANCH CO., 604 F.2d; and GILLIBEAU V. CITY OF RICHMOND 417 F.2d.

3. That the ADJUSTMENT COMMITTEE FINAL SUMMARY REPORT does not show any evidence why the Reporting Correctional Officer Report is believed over the plaintiff's version which does not meet "minimum standard" in prison discipline proceedings which violates due process see WOLFF V. McDONNELL 418 U.S. 539 94 S.Ct. 2963; CHAVIS V. ROWE et al., 643 F.2d 1281; WASHINGTON V. CHRANS et al., 769 F.Supp. 1045.

4. That Defendant, DOUGLAS CRAVENS, ADM. Review board chairperson, decision to not hold formal hearing in front of full board, and such reason does not meet "minimum standard" because there is no evidence to support his decision why the Correctional Officer's are believed over the plaintiff version. See BOLES V. CHAVIS 454 U.S. 907 102 S.Ct. 415; CHAVIS V. ROWE et al., 643 F.2d 1281; and WOLFF V. McDONNELL 418 U.S. 539, 94 S.Ct. 2963.

5. That the PLAINTIFF is entitled to Expungement of his Discipline record concerning the Incident in Question. See PINO V. DALSHEIM et al., 605 F.Supp. 1305.

6. That the PLAINTIFF is entitled to Appropriate damage for him being required following denial of his constitutional rights in such prison discipline hearing, to spend 5 months in Segregation Unit and also would be entitled to recover Loss wages of $30.00 a Month from his Prison Job See PINO V. DALSHEIM et al., 605 F.Supp. 1305; KING V. WELLS et al., 760 F.2d 89; and CHAVIS V. ROWE et al., 722 F.Supp. 9.

Wherefore, the PLAINTIFF Prays that his Petition filed under 42 U.S.C. § 1983 will be granted and that this honorable court award Injunction relief damage reward of $100.00 a day, spent in Segregation, $30.00 a month for total of $150.00 for loss wages, and expungement of his Prison Discipline record regarding the Incident in Question, with total Award of $15,150.00 being Accessed Against each defendant.

KEVEN L. Carter #R25659
PLAINTIFF, Pro Se.
Menard Correctional Center
P.O box 711
Menard, Ill. 62259

STATE OF ILLINOIS  ss
COUNTY OF RANDOLPH

# AFFIDAVIT

I, KEVEN L. Carter, the Plaintiff in the Proceeding Legal Caption, is an prisoner at Menard Correctional Center, Menard, K.C. Illinois, hereby declares that everything listed in his MOTION INJUNCTIVE Relief 42 U.S.C. §1983 is true and correct to the best of his knowledge and belief under the penalty of perjury.

_Keven L. Carter_
KEVEN L. Carter REG.# R25659
Menard Correctional Center
P.O. Box 711
Menard, Illinois 62259

Subscribed and sworn to before me on _Oct 20, 2004_.
        Date

_Patricia Luers_
NOTARY PUBLIC

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2004

IN THE
U.S. Dist. Court
For Central Dist. of Ill.

Keven Carter
Plaintiff,
   v.

Erika Howard, et.al.,
Defendant

Case No. 04-1157

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. Dist. Court
Central District Ill
100 N.E. Monroe to 1002
#309
Peoria, Ill. 61603

TO: Attorney General
Attn. Lisa Madigan
500 S. Second St.
Springfield, IL. 62706

TO: _____

PLEASE TAKE NOTICE that on Oct. 20, 2004, I have placed the documents listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Motion for Injunctive Relief § 1983.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: Oct. 20, 2004

/s/ Keven L. Carter
NAME: Keven L. Carter
IDOC#: R25659
Menard Correctional Center
P.O. BOX 711
Menard, IL 62259

Revised July 2004