E-FILED
Friday, 05 November, 2004  04:34:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KEVEN L. CARTER, R25659 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-1157 |
| | ) | |
| ERIKA R. HOWARD, CLIFFORD VELLA, | ) | |
| RICHARD ALLEN, DOUGLAS CRAVENS, | ) | |
| ROGER E. WALKER JR., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

NOW COME the Defendants, ROGER E. WALKER JR., ERIKA HOWARD, RICHARD ALLEN, and CLIFFORD VELA, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby respond to Plaintiff's Motion for Injunctive Relief as follows:

**BACKGROUND**

Plaintiff is an inmate incarcerated at Menard Correctional Center. Plaintiff filed his Complaint on July 20, 2004, seeking damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Specifically, Plaintiff alleged he was denied due process in an Adjustment Committee hearing at the institution, and further alleged he was denied phone calls to family, showers, religious services, meetings, counseling, his yard time was restricted, and he did not receive staff assistance to prepare his defense. This Honorable Court entered an order dismissing all Plaintiff's claims, with the exception of the First Amendment claim alleging he was denied access to religious services, on June 29, 2004.

Plaintiff has filed this Motion for Injunctive Relief asking the Court to order Defendants to pay damages of $100 per day for each day Plaintiff has spent in segregation, as well as lost wages, and expungement of the December 26, 2003 violations he was found guilty of in a disciplinary hearing on January 01, 2004.

## ANALYSIS

### I.    Plaintiff Seeks Damages for Claims Already Dismissed from the Litigation

In his motion, Plaintiff is requesting relief in the form of monetary damages with respect to the disciplinary hearings held January 1, 2004, and January 8, 2004. In essence, Plaintiff argues he was denied due process in these hearings and that he is entitled to damages. However, his allegations pertain to claims that were dismissed from the litigation by this Honorable Court on June 29, 2004. Therefore, Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Injunctive Relief.

### II.    Plaintiff is not Entitled to Injunctive Relief

An injunction is an extraordinary remedy, and the decision whether to grant an injunction is within the sound discretion of the Court. Lawson v. Hill, 368 F.3d 955, 959 (7th Cir. 2004). Injunctive relief can only be granted where an ongoing constitutional violation exists. Al-Alamin v. Gramley, 926 F.2d 680, 685 (7th Cir. 1991).

To obtain an injunction, the plaintiff must show: (1) no adequate remedy at law exists, (2) irreparable harm will result if the injunction is denied, and (3) likelihood of success on the merits. Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). The Prison Litigation Reform Act stipulates that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1) (2004).

Plaintiff has titled his motion as a Request for Injunctive Relief, but the relief sought is in the form of monetary damages. Hence, even assuming, *arguendo*, Plaintiff could show a constitutional violation, Plaintiff would not be entitled to injunctive relief because an adequate remedy at law exists. Furthermore, Plaintiff cannot establish a Constitutional violation on the part of Defendants, and therefore injunctive relief is inappropriate. Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Injunctive Relief.

### III.   Plaintiff cannot Establish a Constitutional Violation, as Defendants Satisfied Due Process Requirements for Prison Disciplinary Hearings

Plaintiff's motion alleges the insufficiency of disciplinary hearings held on January 1, 2004, and January 8, 2004, and seeks relief for alleged violations of his constitutional rights in these prison disciplinary hearings.

To satisfy the minimum procedural requirements of due process as established in Wolff v. McDonnell, inmates must receive advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied on and the reason for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563 (1974). The notice must be given at least 24 hours prior to when the Adjustment Committee hearing is held. Id. at 564. The written statement is intended as a record sufficient for review by an external entity. Id. at 565. Inmates are also permitted to call witnesses and request documentary evidence, provided there is no interference with institutional security or correctional goals. Id. at 566.

The Illinois Administrative Code provides further guidance on how Adjustment Committee Hearings are to be conducted. Offenders must receive written notice of the facts and charges at least 24 hours prior to the Adjustment Committee hearing. Ill. Admin.

3

Code tit. 20, § 504.80(b) (2004). Offenders have the right to appear before and address the Committee. Id. at § 504.80(f). Offenders may also make a request for witness interviews, but any such request must be made in writing prior to the hearing. Id. at § 504.80(f)(2). If an offender fails to make a request for witness statements, the Committee may grant a continuance for good cause shown. Id. at § 504.80(f)(2).

The January 1 and January 8, 2004, hearings satisfied the Wolff standard. Plaintiff received more than adequate prior written notice for both hearings. Plaintiff was served with a copy of the disciplinary report detailing the charges against him on December 27, 2003, prior to the hearing held on January 1, 2004. See Defendants' Exhibit 1; Plaintiff's Complaint, Statement of Claim, p. 5, ¶ 8. Prior to the January 8 hearing, Plaintiff was served with a copy of the disciplinary report detailing the charges against him on January 3, 2004. See Defendants' Exhibit 1. Additionally, the Adjustment Committee Final Summary Reports from the January 1, 2004, and January 8, 2004, hearings provide full explanations of the findings against Plaintiff. See Plaintiff's Exhibits, Adjustment Committee Final Summary Reports dated 01/01/2004 and 01/08/2004.

The Adjustment Committee Final Summary Reports indicate Plaintiff did not request any witnesses at the hearings. See Plaintiff's Exhibits, Adjustment Committee Final Summary Reports dated 01/01/2004 and 01/08/2004. Furthermore, there is no absolute right to call witnesses in these institutional hearings. Due process is satisfied under Wolff through advance written notice of the violations at least 24 hours prior to the hearing, and a written statement by factfinders as to the evidence relied on and the reason for disciplinary action.

      As Plaintiff has not established a constitutional violation has occurred, Plaintiff is not entitled to the relief he seeks. Additionally, Plaintiff seeks only monetary damages as relief, which is insufficient to support a grant of injunctive relief.

      Wherefore, for the above and foregoing reasons, Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Injunctive Relief.

                      Respectfully submitted,

                      ROGER E. WALKER JR., ERIKA HOWARD,
                      RICHARD ALLEN, and CLIFFORD VELA

                      Defendants,

                      LISA MADIGAN, Attorney General,
                      State of Illinois,

| | |
|---|---|
| Christopher Higgerson, #6256085 | Attorney for Defendants, |
| Assistant Attorney General | |
| 500 South Second Street | |
| Springfield, IL 62706 | BY:   s/Christopher L. Higgerson |
| 217 557-0261 |       Christopher Higgerson |
| Of Counsel. |       Assistant Attorney General |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KEVEN L. CARTER, R25659 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-1157 |
| | ) | |
| ERIKA R. HOWARD, CLIFFORD VELLA, | ) | |
| RICHARD ALLEN, DOUGLAS CRAVENS, | ) | |
| ROGER E. WALKER JR., | ) | |
| | ) | |
| Defendants. | ) | |

**Certificate of Service**

I hereby certify that on November 5, 2004, I electronically filed a Response to Plaintiff's Motion for Injunctive Relief with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on November 5, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

Keven L. Carter, #R-25659
Menard Correctional Center
711 Kaskaskia Street
Menard, IL 62259

Respectfully submitted,

 s/Christopher L. Higgerson
Christopher L. Higgerson, #6256085
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 557-0261
Facsimile: (217) 524-5091
chiggerson@atg.state.il.us