E-FILED
Tuesday, 21 December, 2004  02:56:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KEVEN L. CARTER, R25659       )
                              )
      Plaintiff,              )
                              )
vs.                           )   No. 04-1157
                              )
ERIKA R. HOWARD, CLIFFORD VELLA, )
RICHARD ALLEN, DOUGLAS CRAVENS, )
ROGER E. WALKER JR.,          )
                              )
      Defendants.             )

## DEFENDANTS' ANSWER

NOW COME the Defendants, ROGER E. WALKER JR., ERIKA HOWARD, RICHARD ALLEN, and CLIFFORD VELA, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answer and raise affirmative defenses against the allegations in the Plaintiff's Complaint, stating as follows:

## STATEMENT OF CLAIM

Defendants admit this complaint has been filed pursuant to 42 U.S.C. § 1983.

## PARTIES

Defendants admit Plaintiff is an inmate with the Illinois Department of Corrections, but note that he is currently incarcerated at Menard Correctional Center.

Defendants admit Defendant Erika Howard is employed at Pontiac Correctional Center, and has served as a Chairperson for the Adjustment Committee at Pontiac Correctional Center.

Defendants admit that Defendant Clifford Vela is employed at Pontiac Correctional Center, and has served as a Chairperson for the Adjustment Committee at Pontiac

Correctional Center.

Defendants admit that Richard D. Allen is employed at Pontiac Correctional Center, and has served as a Chairperson for the Adjustment Committee at Pontiac Correctional Center.

Defendants do not respond to the allegations pertaining to Douglas A. Cravens, as Mr. Cravens has not been served in the litigation.

Defendants admit that Defendant Roger E. Walker Jr. is employed as the Director for the Illinois Department of Corrections.

## LITIGATION HISTORY

Defendants lack sufficient information to admit or deny the allegations with respect to Plaintiff's litigation history.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants admit Plaintiff has exhausted his administrative remedies.

## STATEMENT OF CLAIM[1]

1. **Allegation**
   On 12/25/03, Plaintiff was in D-Dorm #211, when Plaintiff was being harassed by cellmates.

   **Answer**
   Defendants admit Plaintiff was in D-Dorm #211 on December 25, 2003. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

2. **Allegation**
   Plaintiff went to dorm officer to see if he could be moved to a single cell which they did.

---

[1] Plaintiff's complaint does not contain numbered paragraphs throughout. For reference purposes, the answer has been organized into consecutively numbered paragraphs.

**Answer**
Defendants admit Plaintiff was moved to a single cell on December 25, 2003.

3. Allegation
The next morning Plaintiff was taken to Internal Affairs after a brief discussion with Major Kennedy.

**Answer**
Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

4. Allegation
Internal Affairs decided to put Plaintiff in protective custody.

**Answer**
Defendants admit Plaintiff was placed in protective custody.

5. Allegation
Plaintiff was put in cell #751 where Plaintiff was threatened by his cellmate due to his conviction.

**Answer**
Defendants admit that Plaintiff was assigned to cell 751. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

6. Allegation
Plaintiff asked the gallery officer to move him to another cell.

**Answer**
Defendants admit that Plaintiff asked to be moved to another cell on December 26, 2003.

7. Allegation
Plaintiff was then taken to the West Cell House segregation.

**Answer**
Defendants admit Plaintiff was taken to segregation in the West Cell House on December 26, 2003.

8. Allegation
When Plaintiff arrived, Plaintiff was put into 2nd gallery.

**Answer**
Defendants admit Plaintiff was placed in Two Gallery in the West Cell House.

9. Allegation
On 12/27/03, Plaintiff received two discipline reports - refuse housing - (disobey direct order) and the other - insolence, banging on cell door - violation noise ordinance and misuse of state property (sic).

**Answer**
Defendants admit that Plaintiff received a copy of the disciplinary report charging him with (1) damage or misuse of property, (2) insolence, and (3) violation of the rules based on excessive noise, on December 27, 2003, but note that the date of occurrence was December 26, 2003. Defendants admit that Plaintiff received a copy of a second disciplinary report charging him with disobeying a direct order on December 27, 2003, but note that the date of occurrence was December 26, 2003.

10. Allegation
Note: Plaintiff was moved from medium security unit (farm) to protective custody against his wishes and no hearing was held prior to the move which also violates Plaintiff's due process rights.

**Answer**
Defendants admit that Plaintiff was placed in protective custody, but lack sufficient information to admit or deny the allegation that it was against his wishes. Defendants admit that no hearing was held prior to the move. Defendants deny the remaining allegations contained in this paragraph.

11. Allegation
I seen the Adjustment Committee on 11/1/04 and told them verbally because I had no writting supplies to ask for continuance for staff assist (sic). And to have witnesses called.

**Answer**
Defendants admit that Plaintiff went before the Adjustment Committee, and affirmatively note the date was January 1, 2004, not November 1, 2004. Defendants deny that Plaintiff requested witnesses prior to the hearing, in accordance with Ill. Admin. Code tit. 20, § 504.80. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

12. Allegation
I was behind solid door and didn't receive my personally [sic] property until 1/16/04.

**Answer**
Defendants lack sufficient information to admit or deny the allegation contained in

this paragraph.

13. Allegation
My request was denied and was found guilty of insolence, misuse of state property, bang on cell door.

    **Answer**
    Defendants admit Plaintiff was found guilty of insolence, damage or misuse of property, and violation of the rules based on banging on his cell door, in the Adjustment Committee hearing held January 1, 2004.

14. Allegation
After rewrite of discipline report of refusing housing - disobeying direct order - I was found guilty on 1/8/04.

    **Answer**
    Defendants admit Plaintiff was found guilty of disobeying a direct order based on his refusal of housing in the Adjustment Committee hearing held January 8, 2004. Defendants further admit the disciplinary report was rewritten to reflect additional information substantiating the charge.

15. Allegation
I also asked for staff assist. And to have witnesses called, but it was denied.

    **Answer**
    Defendants admit that Plaintiff went before the Adjustment Committee on January 8, 2004. Defendants deny that Plaintiff requested witnesses prior to the hearing, in accordance with Ill. Admin. Code tit. 20, § 504.80. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

16. Allegation
I have estimated IQ of 70, which is borderline of intellectual functioning where I have difficulty understanding what I read and would be difficult to prepare defense since in segregation and only get 2 hour use of law library if nobody else (alot of people) using it (sic).

    **Answer**
    Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

17. Allegation
I filed grievance and Adm. Review Board refused to give me formal hearing which violates my due process rights and violates my 8th Amendment right from cruel and unusual punishment.

5

**Answer**
Defendants admit that Plaintiff filed a grievance and the grievance was reviewed by the Administrative Review Board without a formal hearing. Defendants deny the remaining allegations contained in this paragraph.

18. Allegation
    Don't get phone calls to family, 1-shower a week, no religious services, no A/A or N/A meetings, no counseling, and only 5 hour yard - recreation outside of cell per week.

    **Answer**
    Defendants admit that while Plaintiff was in segregation, he did not attend communal religious services. Defendants further admit that while in segregation, Plaintiff was not permitted phone calls (based on his C-grade status), Plaintiff had only one shower weekly, was not permitted to attend meetings, and received only 5 hours of yard time outside his cell weekly. Defendants deny the allegation that Plaintiff did not receive any counseling services.

19. Allegation
    If I had staff assist to help prepare defense and call witnesses, I would have been found innnocence (sic).

    **Answer**
    Defendants deny the allegations contained in this paragraph.

20. Allegation
    This is my first time in custody of IDOC and violation of rules and didn't know the procedure used at Adjustment Committee.

    **Answer**
    Defendants admit that Plaintiff entered IDOC custody for the first time on November 20, 2003. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

21. Allegation
    I also never received Orientation Manual for segregation.

    **Answer**
    Defendants deny the allegation contained in this paragraph.

22. Allegation
    Adjustment Committee - C/O Allen, and C/O Vella (sic) along with Chairman Erika Howard violated my due process when I asked for continuance and to have staff

assistance help prepare defense in order due to my IQ of 70 and the fact I don't have adequate access to law library (sic).

**Answer**
Defendants admit that Officers Howard and Vela served as Adjustment Committee members in the hearing held January 1, 2004. Defendants admit Officers Howard and Allen served as Adjustment Committee members in the hearing held January 8, 2004. Defendants deny the remaining allegations contained in this paragraph.

23. Allegation
I had no writting (sic) supplies to ask for continuance prior to hearing.

**Answer**
Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

24. Allegation
The Administrative Review Board denied my request for grievance without a formal hearing which denied my right to be heard and the Adjustment Committee failed to prove my guilt beyond reasonable doubt.

**Answer**
Defendants admit that the Administrative Review Board denied Plaintiff's grievance without a formal hearing. Defendants deny that the lack of a formal hearing denied Plaintiff a right to be heard. Defendants deny that the standard for guilt in an Adjustment Committee hearing is "beyond a reasonable doubt."

25. Allegation
The Director of Dept. of Corrections is responsible for the legal process used by Adjustment Committee and knows they violate inmates' civil rights.

**Answer**
Defendants deny the allegations contained in this paragraph.

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to any relief in this cause of action.

## AFFIRMATIVE DEFENSES

**Defense No. 1.** At all times relevant herein, Defendants Howard, Vela, Allen, and Walker acted in good faith in the performance of official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit for damages by the doctrine of qualified immunity.

**Defense No. 2.** Plaintiff has alleged no physical injury in this matter and is therefore barred from recovering mental or emotional damages pursuant to 42 U.S.C. § 1997e(e).

                                        Respectfully submitted,

                                        ROGER E. WALKER JR., ERIKA HOWARD, RICHARD ALLEN, and CLIFFORD VELA,
                                                        Defendants,

                                        LISA MADIGAN, Attorney General
                                        State of Illinois,

Carrie K. Lacey, #6283318          Attorney for Defendants.
Assistant Attorney General
500 South Second Street             BY:  s/Carrie K. Lacey
Springfield, IL 62706                    Carrie K. Lacey
217-557-0261                              Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KEVEN L. CARTER, R25659 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-1157 |
| | ) | |
| ERIKA R. HOWARD, CLIFFORD VELLA, | ) | |
| RICHARD ALLEN, DOUGLAS CRAVENS, | ) | |
| ROGER E. WALKER JR., | ) | |
| | ) | |
| Defendants. | ) | |

**Certificate of Service**

    I hereby certify that on December 21, 2004, I electronically filed an Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on December 21, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

Keven L. Carter, #R-25659
Menard Correctional Center
711 Kaskaskia Street
Menard, IL 62259

Respectfully submitted,

 s/Carrie K. Lacey
Carrie K. Lacey, #6283318
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
clacey@atg.state.il.us