E-FILED
Tuesday, 29 March, 2005 11:14:33 AM
Clerk, U.S. District Court, ILCD

United States District Court
For The Central District of Illinois

Peoria Division

Keven Carter,
      Plaintiff.

**FILED**

MAR 2 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VS.

Erika Howard, et al.,
      Defendants.

NO. 04-1157

Court Copy
Page 1 of 5

PLaintiff's Response To The Defendant's
Answer to 42 U.S.C. § 1983 Complaint

Now Comes the Plaintiff, Keven Carter, and
hereby responds to the Defendants answer to
his Civil complaint against each defendant.

In support he states:

1. That this Honorable Court set the deadline
for defendant's answer for December 21,
2004, However, the plaintiff never received
It until February 21, 2005, which is 60
days late.

2. That the defendants counsel claims she
provided their answer to the plaintiff's
complaint by mail service pursuant to
Fed. R. Civ. P. (b)(2)(B)(2004), however,
It also states that the parties correct
mailing address is used to ensure that
the party receives it in a timely
manner. The defendant's counsel have

Page 2 of 5

failed to do this and should provide an receipt to prove that the plantiff received his copy in compliance with the court deadline set for December 21, 2004.

3. That the address used by defendant's counsel is not correct.

Keven L. Carter R25659
menard Correctional center
711 Kaskaskia street
menard, IL, 62259

4. The Plaintiff provides the defendants in all his correspondences the correct address that should be used for all incoming mail for inmates at menard correctional Center.

Keven L. Carter R25659
menard Correctional Center
P.O. Box 711
menard, IL. 62259

5. The plaintiff waited until December 30, 2004 and when he did not receive the defendants answer, he petition the Court for an default judgment on January 3, 2005.

6. The plaintiff received response from defendant's counsel to his motion for default judgment on or about January 10, 2005.

7. The plaintiff STILL haven't received the defendant's answer on Febuary 7, 2005, so he filed another motion for default judgment against the defendants

8. ON Febuary 14, 2005, the counsel for defendants mailed an response to his second motion for default judgment K.C. against provided an copy of their answer's to the plaintiff which he did not receive until Febuary 21, 2005.

9. The Defendant's answers failed to reply to the plaintiffs amended complaint filed with this Honorable Court on or about December 28, 2004 Nor does it provide any response to the plaintiff's denial of religious services pursuant to his 1st Amendment complaint which was allowed to proceed by this Honorable court.

10. The defendant's answer's clearly shows that the defendant's failed to do adequate inquiry into his civil complaint by them stating "Defendants lack sufficient information to admit or deny the allegations in certain paragraphs", that no investigation was done by the grievance officer or the Administrative review board into the plaintiff grievance regarding his

Page 4 of 5

discipline report and he was found
guilty because the reporting officer's
lied and stated it happened. This also
shows that the adjustment committee
on January 1, 8, 2004 was not impartial
and the plaintiff did not receive an
impartial finding of guilt.

11. That the defendant's did not act in
good faith in their performance of
official duties and did violate the
plaintiff's established statutory and
constitutional rights which a reasonable
person would have known. Therefore,
defendants are not protected from
suit for damages by doctrine of
qualified immunity.

12. The plaintiff clearly stated physical
injury by suffering from mental and
emotional disrespect from correctional
staff, by not having family or friend
contact, no religious services, not
receiving ~~any counseling from mental~~
~~"is" well being"~~ and not receiving any
~~services, not receiving any counseling~~
~~counseling from mental~~ services to cope
~~from mental services~~
for 5 months in segregation unit and
he is entitled to damages pursuant
to 42 u.s.c. § 1997 e(e).

(K.C)

13. That he is entitled to relief in this
cause of action which he has prayed

for and that his Jury trial demand
should be honored so he would recewe
an impartial hearing he was denied
by the defendants.

Wherefore, the plaintiff respectfully request
and prays that this Honorable Court find the
defendant's answers are untimely made and
Inadequate to the plaintiff civil complaint
filed pursuant to 42 U.S.C. §1983, and to set
an order for an date for his complaint to
proceed In a Jury trial.

Respectfully submitted,

Keven L. Carter
Keven L. Carter R25659
menard correctional center
P.o. Box 711
menard, IL. 62259
Date: March 11, 2005

State of Illinois
County of Randolph

AFFIDAVIT
I, Keven L. Carter, the plaintiff In the above
Legal matter, hereby declare under the penalty
of Perjury, that everything In this motion is
true and correct to the best of his Knowledge.

Keven L. Carter
Keven L. Carter R25659
Pro se, Plaintiff

## Certificate of Service

Keven Carter, the Pro Se Plaintiff, hereby certifies that he has served an copy of the foregoing "Plaintiff's Response to the Defendant's Answer to 42 U.S.C. § 1983 Complaint" to the defendant's Counsel:

Lisa Madigan
Attorney General of Illinois
Attn. Carrie Lacey, Asst. Attorney General
500 South Second Street
Springfield, IL. 62706

by causing an handwritten copy of same, in a correctly addressed legal envelope to be deposited in the Menard Correctional Center mailbox in Menard, Illinois on March 25, 2005.

Keven L. Carter
Keven Carter R25659
Plaintiff, Pro Se
Menard Correctional Center
P.O. Box 711
Menard, IL. 62259