E-FILED
Tuesday, 29 March, 2005 11:20:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
For The CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Keven Carter, Plaintiff. vs. Erika Howard, et.al., Defendants. | FILED MAR 29 2005 JOHN M. WATERS, Clerk U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS | No. 04-1157 Original Page 1 of 4 |

## Brief In Support Of Motion To Compel discovery

### Statement of the Case

This is an 42 USC §1983 action filed by an State Prisoner while in custody at Pontiac Correctional Center, who is seeking damages and Injunctive relief based on the Prison Adjustment Committee denial of Procedural due Process in a Prison Discipline hearing.

### Statement of Facts

The Plaintiff sent his interrogatories No. 1-20 to the Defendants Counsel on Febuary 6, 2005. The defendants response was received on March 15, 2005 which they object due to relevance.

The Plaintiff will show that the defendants are Part of an conspiracy and that they were not Impartial when they found him guilty on January 1, 8, 2004.

### Arguement

#### Point No. 1

The Discovery Sought by the Plaintiff will show that the Procedure used by the Defendants violates the Plaintiff's Procedural Due Process rights and that they were not Impartial when finding him guilty, which led to his first amendment denial.

The defendant's objections state that the documents requested by the Plaintiff are irrelevant to this action. Their argument is frivolous.

Rule 26 Fed. R. Civ. P., permits discovery of matters (involved) "relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978); accord Weiss v. Amoco Oil Co. 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery requests should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste v. Alligator Co., Inc. 60 F.R.D. 164, 171 (D. Del. 1973); See Nash v. Thielke 743 F. Supp. 130 (E.D. Wis. 1990).

Each item sought by the Plaintiff is relevant to the claims and defenses in this case.

A. Documents relevant Interrogatories No. 1-20. See Plaintiff's Motion for Interrogatories.

First, the Plaintiff does not seek "personnel records" in any general way. He seeks documents, pertaining to particular kinds of complaints and allegations against these defendants whether or not they they are part of "personnel records." He does not seek other matters that may be in their personnel records, such as medical data or information about their records of lateness, leaves and vacations etc.

<u>Second</u>, the kind of information sought is highly relevant. The Plaintiff has information that repeated complaints about mistreatment of inmates by Illinois Department of Corrections staff and that Department of Corrections staff have ignored or have failed to look into inmates grievances of mistreatment which leads to discipline segregation for something they have not committed. It also shows that inmates are found guilty by impartial trubinal (Adjustment Committee and Administrative Review Board). So evidence to that effect would be highly relevant to the claim of conspiracy and supervisor liability in the complaint. See <u>Parish v. Luckie</u> 963 F.2d 201, 205-06 (8th Cir. 1992).

This evidence may also support the claims against the officer's themselves. Rule 404(b) FRE, provides "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. <u>It may, however,</u> be admissible for other purposes such as proof of <u>motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident</u>." Evidence of prior incidents of abuse by prison or law enforcement personel have been admitted by several courts as relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." <u>Ismail v. Cohen</u> 899 F.2d 183, 188-89, (2d Cir. 1990).

For these reasons the material sought is relevant to show "motive, intent, knowledge, ~~and~~ opportunity, preparation, plan, identity, or absence of mistake or accident of each defendant and correctional officers who wrote the discipline reports against the plaintiff which led to him being placed in segregation unit and violation of his first amendment rights.

## CONCLUSION

For the foregoing reasons, the Plaintiff Pray's that this Honorable Court grant his motion to compel the discovery from the defendants which he requested in his motion. (Interrogatories)

Respectfully Submitted,

*Keven L. Carter*
Keven L. Carter R25659
Menard Correctional Center
P.O. Box 711
Menard, IL. 62259

STATE OF ILLINOIS
COUNTY OF RANDOLPH

## AFFIDAVIT

"Pursuant to 28 USC 1746, I declare under the penalty of perjury, that I am the Plaintiff in the above Legal matter, that I have read the above documents and that the information contained therein is true and correct to the best of my knowledge.

*Keven L. Carter*
Keven L. Carter R25659
Plaintiff, Pro Se

## Certificate of Service

Keven Carter, the pro se Plaintiff, hereby certifies that he has served an copy of the foregoing Plaintiff motion to compel discovery from the defendants counsel upon: (Brief)

>Lisa Madigan
>Attorney General of Illinois
>ATTN: Carrie Lacey, Asst. Attorney General
>500 South Second Street
>Springfield, IL. 62706

by causing a copy of same, in a correctly addressed legal envelope, to be deposited in the Menard Correctional Institute mailbox in Menard, Illinois on March 25, 2005.

*Keven L. Carter*
Keven L. Carter R25659
Plaintiff, Pro se
Menard Correctional Center
P.O. Box 711
Menard, IL. 62259