E-FILED
Wednesday, 29 June, 2005  03:10:37 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 2 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED States DISTRICT Court

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

Keven Carter,
    Plaintiff.

    VS.

Erika Howard, et.al.,
    Defendants Plaintiff K.C.

No. 04-1157

Page 1 of 5

## MOTION To Show Cause

Now comes the Plaintiff, Keven Carter, and moves this Honorable Court to reconsider his judgment entered on May 25, 2005 and reverse it in favor of the Plaintiff.

IN support he states:

1. That he needs Assistance of Counsel to take depositions, to cross-exam them, and to investigate the discovery to present it to the Jury since the Plaintiff was transferred from the facility where the violations occured,

and such denial of counsel results in "fundamental unfairness impinging on his due process rights". La Clair v. United States 374 F.2d 486,489 (7th Cir. 1967).

2. That the Plaintiff being Pro Se Need Not Plead all facts or evidence in Support of his Complaint and he Shall be allowed to move forward with his entire Complaint Since it Place the defendants on Notice of the gravamen of the lawsuit which Led to his violation of his 1st Amendment rights, e.g., Clara v. City of Chicago 2002 WL 1553419 Citing Inter alia McCormick v. City of Chicago 230 F.3d 319 (7th Cir. 2000).

3. That the Plaintiff being deprived of an Impartial verdict and being Sentenced to discipline segregation violates his due Process right which Prevented him from his right to be free from Such treatment and to Attend Group religious Services. Mawby v. Ambroyer 568 F.

Supp. 245; weaver v. Jago 675 F. 2d 116, 119 (6th Cir. 1982).

4. That his Place of confinement violates his 1st Amendment right by limiting his Access to Law Library for Court deadlines only and denial to access Courts which Prevents him to research the Law to determine what facts are necessary to state a Cause of action, to formulate Legal theories and to get through initial stages of the Lawsuit. e.g. Smith V. Shawnee Library System 60 F. 3d 322 (7th Cir. 1995).

5. That the Plaintiff has an estimated I.Q. of 70 which is borderline Intellectual functioning which hinders his efforts to Pursue an Non Frivolous Civil Claim. Brooks V. Buscher 62 F. 3d 176 (7th Cir. 1995).

6. That the Courts decision to Limit the

the K.C. written Discovery due to the Plaintiff imprisonment is abuse of discretion and is substantial Prejudice toward an Prose Plaintiff. OLIVE CaN CO. V. martin 906 F.2d 1147(1990); Stagman V. RYaN 176 F.3d 986 (1999). Fed. R. Civ. P. 26-37.

7. That appointment Of counsel is Necessary to keep the Plaintiff civil claim moving forward to Prevent wasting Judicial time.

8. That the Plaintiff demands an Jury trial to decide his civil complaint Pursuant to Fed. R. Civ. P. 38.

Wherefore, the Plaintiff Prays that this Honorable Court to appoint counsel Pursuant to 28 U.S.C. § 1915; mcBride v. Soos 594 F.2d 610, 613 (7th cir. 1979). He also seeks Permission to appeal this order, if he denies this motion, to the seventh Circuit for appellate review.

The Plaintiff respectfully request an
final order for his Amended complaint that
was filed before the Defendant's Answer IN
December 2004. It has been over 6months
with No Decision ~~fr~~ From this Honorable
Court. He is entitled to an timely response
and if the Court fails to give it within 30
days he will consider his Amended complaint
approved and that he is entitled to his
Relief Pursuant to 42 U.S.C. § 1983.

Respectfully Submitted

*Keven L. Carter*

Keven L. Carter #R25659
Menard Corr. CTR.
P.O. Box 711
Menard, IL. 62259
Date: June 23, 2005

STATE OF ILLINOIS
COUNTY OF RANDOLPH

## AFFIDAVIT

I, Keven L. Carter, the plaintiff in the "motion to show cause" hereby declares under the penalty of perjury that he has read all information in his motion, and that everything is true and correct to the best of his knowledge.

Keven L. Carter
Keven L. Carter #R25659
Pro Se Plaintiff

Subscribed and sworn to before me on _June 23, 2005_
                                        Date

_____
Notary Public

"OFFICIAL SEAL"
TIMOTHY D. SAPP
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/19/2007

IN THE

UNited States DISTrict Court
CeNtral Dist. of Illinois
Peoria Division

Keven Carter

Plaintiff,

v.

Case No. 04-CV-1157

Erika Howard, et.al.,

Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. Dist. Court
CENtral Dist. of Ill.
305 Federal bldg. 100 N.E. MONroe
Peoria IL. 62701

TO: _____
_____
_____
_____

TO: _____
_____
_____
_____

TO: Carrie Lacey,
Asst. Atty. General
500 S. Second St.
Springfield, IL. 62706

PLEASE TAKE NOTICE that on June 23 , 20 05, I have placed the documents listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Motion To Show Cause

_____

_____.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: June 23, 2005

/s/ Keven L. Carter
NAME: Keven L. Carter
IDOC#: R25659
Menard Correctional Center
P.O. BOX 711
Menard , IL 62259

Revised February 2005

CASE NO. 04-CV-1157                    June 2005
DEAR CLERK:
                    PLEASE file this Motion
on my behalf.

ALSO, I Need Printout showing my
Payment received by you toward
my filing fee and appeal fees.
my trust fund Keeps taking Money
out of My $10.00/mo. State Pay which
is the only income I have for
the month and they won't provide
me the info.

                                   Respectfully
                                   Submitted

P.S. I will be
transfered to              Keven L. Carter
New facility
within the Next
two weeks and              Keven L. Carter
it will take me            #R25659
time to                    P.O. Box 711
Provide New Address.       mcNard, IL
                                      62259