E-FILED
Friday, 29 September, 2006  09:33:22 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVEN L. CARTER, R25659 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-1157 |
| ) | |
| ERIKA R. HOWARD, CLIFFORD VELLA, ) | |
| RICHARD ALLEN, DOUGLAS CRAVENS, ) | |
| ROGER E. WALKER JR., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, ROGER E. WALKER JR., ERIKA HOWARD, JENNIFER MELVIN, and CLIFFORD VELA, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and CDIL-LR-7.1, hereby respectfully move this Honorable Court to grant Summary Judgment in this matter. In support of their motion, Defendants state as follows:

1.  Plaintiff is an inmate currently incarcerated at Pinckneyville Correctional Center.

2.  Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his First Amendment right to free exercise of his religion.

3.  Restrictions that infringe upon an inmate's exercise of religion will be upheld if they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

4.  Inmates retain those First Amendment rights "consistent with prison discipline." Ustrak v. Fairman, 781 F.2d 573, 580 (7th Cir. 1986).

5. While at Pontiac Correctional Center, Plaintiff was assigned to disciplinary segregation for disciplinary reasons.

6. While in disciplinary segregation from December 26, 2003, to May 26, 2004, Plaintiff was not permitted to attend communal religious services.

7. Inmates in disciplinary segregation status at Pontiac Correctional Center have been placed there for disciplinary reasons, which include engaging in behaviors such as assault, fighting, sexual misconduct, possession of contraband, and threats and intimidation.

8. For security reasons, inmates in disciplinary segregation are not allowed to engage in communal activities, as staff cannot ensure the safety and protection of other staff members and of inmates if the inmates with disciplinary issues are allowed to congregate with other inmates.

9. Communal activities, including religious services, also present a potential security concern because of the opportunity for gang-related activity.

10. Individual religious counseling is made available to inmates in segregation status on a weekly basis, and was available from December 2003 to May 2004.

11. Additionally, Plaintiff was able to pray in his cell while in disciplinary segregation, and had access to religious materials.

12. To be held liable under § 1983, a supervisor must have "caused or participated in the alleged violation." Boyce v. Moore, 314 F.3d 884, 888 (7th Cir. 2002).

13.     Defendants Howard and Vela were not personally involved in the alleged violation of Plaintiff's constitutional rights, as their only roles were as members of the prison Adjustment Committee.

14.     To the extent Plaintiff seeks damages against Defendants in their official capacity, such a claim is barred by the Eleventh Amendment.  <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54-55 (1996).

15.     Defendants are also shielded by the doctrine of qualified immunity, as their conduct does not violate clearly established statutory or Constitutional rights.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

16.     A memorandum of law in support of the instant motion is attached hereto and incorporated by reference herein.

WHEREFORE, for the above-listed reasons, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment, and grant such other relief as the Court deems equitable and just.

Respectfully submitted,

ROGER E. WALKER JR., ERIKA HOWARD, JENNIFER MELVIN, and CLIFFORD VELA,

    Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

    Attorney for Defendants,

 s/Carrie L. Kinsella
Carrie L. Kinsella, #6283318
Attorney for Defendant
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-9059
Facsimile:  (217) 524-5091
ckinsella@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2006, I electronically filed Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on September 29, 2006, I mailed by United States Postal Service, the document to the following non-registered participant:

Kevin Carter, #R-25659
Pinckneyville Correctional Center
5835 State Route 154
PO Box 999
Pinckneyville, IL 62274

Respectfully submitted,
/s/Carrie L. Kinsella
Carrie L. Kinsella, #6283318
Attorney for Defendant
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
ckinsella@atg.state.il.us