E-FILED
Friday, 29 September, 2006 09:37:52 AM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS )
) ss.   *Carter v. Howard, et al.*
COUNTY OF LIVINGSTON ) USDC-CD 04-1157

## AFFIDAVIT

I, Troy Quinley, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am a Public Service Administrator at Pontiac Correctional Center ("Pontiac") and have held this position since March 16, 2000. I began my employment with the Illinois Department of Corrections as a Correctional Officer at Pontiac on August 1, 1983. I was promoted to Correctional Sergeant on February 1, 1991; Correctional Lieutenant on March 1, 1992 and Correctional Captain on May 16, 1997. While holding the payroll title of Public Service Administrator, I have held the position of Unit Superintendent and currently hold the rank of Major. My responsibilities as a Public Service Administrator include the assignment and supervision of Pontiac's security staff. Since I regularly work the 3:00 to 11:00 p.m. shift, I also serve as the Duty Administrative Officer in the absence of the facility's Warden and Assistant Wardens.

2. As Shift Commander and Duty Administrative Officer, I am responsible for ensuring the safety and security of staff and offenders at Pontiac Correctional Center, a maximum security facility for adult male felons.

3. Having worked for the Illinois Department of Corrections at Pontiac Correctional Center for the past 20 years, I am familiar with Pontiac's procedures and, in many cases, the reasons why many of these procedures have been implemented.

4. Since its conversion in 1996, Pontiac Correctional Center has housed offenders in disciplinary segregation or protective custody status.

5. Offenders in disciplinary segregation status at Pontiac Correctional Center have been assigned there for disciplinary reasons. Placement in disciplinary segregation is a


DEFENDANT'S EXHIBIT 2

punishment handed out by the Adjustment Committee for violation of Department and institutional rules.

6. Offenders in disciplinary segregation status include those who have been found guilty of exhibiting behaviors such as assault, fighting, sexual misconduct, possession of contraband, and threats and intimidation.

7. An offender in disciplinary segregation status is secured in handcuffs, a waist chain and sometimes leg irons before being removed from his cells. He remains in these restraints at all times while outside an unsecured enclosure.

8. Offenders in disciplinary segregation status participate in no communal activities, such as meals, recreation, library or religious services.

9. Offenders in disciplinary segregation status at Pontiac Correctional Center were not permitted to engage in such communal activities during the time period of December 2003 to May 2004.

10. The prohibition against communal activities for disciplinary segregation status offenders arises in part from the potential danger to staff and other offenders posed by allowing offenders with demonstrated disciplinary issues to congregate, possibly with the very same offenders with whom the original disciplinary offenses occurred.

11. Communal services also present a potential security concern because of the opportunity for gang-related activity.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

s/Troy Quinley

Troy Quinley

Subscribed and sworn to before me this 21th day of September, 2006

s/Michelle Rae Clark



OFFICIAL SEAL
MICHELLE RAE CLARK
Notary Public, State of Illinois
My Commission Expires Sep. 13, 2008