E-FILED
Tuesday, 21 November, 2006 09:36:31 AM
Clerk, U.S. District Court, ILCD

FILED
NOV 20 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States District Court
For The Central District of Illinois
Peoria Division

Keven L. Carter #R25659
   Plaintiff,

-vs-

Erika Howard Clifford Vella
Jenifer Melvin and Roger E. Walker, Jr.,
   Defendants.

No. 04-1157

## Plaintiff's Response To Defendant's Motion For Summary Judgment

Plaintiff Keven Carter appearing pro se, states as follows for his Response to Defendant's Motion for Summary Judgment:

The instant case arises out of an prison disciplinary hearing held on January 1, and 8, 2004 at Pontiac Correctional Center in Pontiac, Illinois.

The Plaintiff was found guilty to the following offenses: Disobeying an direct order "Lockup" and refusing housing, violation of rules, and insolence and was sentenced to five months in segregation unit - west cellhouse. During his five months in

segregation unit he was not permitted to attend communal religious services. In May 2004 he filed an complaint pursuant to 42 U.S.C. § 1983 complaining an violation of his Due Process rights and First Amendment Right to free exercise of his religious beliefs. This Honorable Court only allowed him to proceed with his 1st Amendment claim only without assistance of counsel in June 2004.

The Plaintiff seeks damages against Defendants for his inability to participate in Religious Services from December 26, 2003 thru May 26, 2004.

That due to not having assistance of counsel, the Plaintiff is at "unfair disadvantage where he is limited to what evidence to support his fact necessary for an jury trial in this cause. Consequently, the Motion for Summary Judgment should be denied and matters should proceed to trial.

# I. Facts.

Plaintiff would correct and/or add to defendant's Statement of facts in the following respects. First, It is important to note that there is a factual dispute concerning the supposed weekly

-2-

counseling sessions to all inmates while they are in segregation unit. In Chaplain Kennell affidavit he states offenders in segregation status are provided with opportunity to meet individually with ~~with~~ Chaplain or Imam Rabbi and Volunteers. This is contrary to what the plaintiff would testify at trial but Chaplain Kennell was the only one who visits West cell house where the Plaintiff was housed which constradicts his sworn affidavit claiming counseling is available. From December 26, 2003 thru Nov 26, 2004, I only had one opportunity to speak to chaplain Kennell and it was only 5 minute talk because he was always in hurry to pass out his Salvation Army Magazines. Not once during this period did he offer me one on one counseling with him or another Volunteer to discuss my problems not understanding what I read in Bible. He did offer an King James Version bible which was forward to me but only confused me more where I became so frustrated I gave up reading the Bible. So his one on one counseling isn't true because it also was security issue where we weren't aloud outside ~~as~~ of our cells to meet privately. This is alowed in General Population where we can ask questions or go to somebody for one on one counseling. The seg unit was toured weekly, but Volunteers were always in hurry and only receive an

-3-

brief (5 minute talk) which is insufficient for somebody who is trying to understand the bible, but can't because he didn't receive counseling while in segregation unit. Without the opportunity of cross-examining the chaplain regarding these alleged weekly counseling session, it would be prejudicial toward this of Plaintiff since he is being denied assistance of counsel to depose this witness which would require an fact finding hearing in front of impartial jury. <u>Secondly</u>, The affidavit of troy Quinley should be inadmissible without giving me the opportunity to depose this witness and properly cross-examined him regarding his alleged facts why offenders in segregation unit are denied the right to attend communal religious services. Also, why some kind of arrangement couldn't be made like the way Exercise "Yard" is ran at Pontiac Correctional Center where that is an "group" thing. There are enough staff to run yard twice weekly, they can make some arrangements for Religious services. There also could be an Screening process used just like in General Population to avoid this "Alleged" Gang Activity which the Defendants claim would happened if Seg offenders are allowed Religious. This is why it's important for an trial to get these facts in the open and for an impartial Jury to decide if the Plaintiff's 1st Amendment Right was indeed violated by the Defendants. <u>Third</u>, the Plaintiff objects to the use of his deposition taken on

-4-

August 30, 2006 because it was taken in violation of his Fifth Amendment Right to Self-Incrimination when he didn't receive proper notice of said Deposition. He received his copy of said notice on August 18, 2006 in the mail which only gave him 12 days to find counsel to assist him at his Deposition. Also, the Defend-Counsel was 4 hours late for said Deposition and refused the Plaintiff's request to refuse Deposition on grounds he couldn't get counsel to assist him. The Defendants "forced" his deposition upon him without assistance counsel without the Plaintiff voluntarily waiving said right and threatening him with sanctions if he didn't cooperate with the Deposition on August 30, 2006. The Plaintiff reluctantly went ahead with Deposition. Fourth, the Plaintiff is considered a layman and an Poor Person who couldn't afford to hire counsel and this Honorable Court even refused him stand by counsel to take Depositions in this Cause which seriously prejudiced the Plaintiff "Where he can't point to any evidence" to support his claim because he is an Poor Person and didn't have the advantage of counsel Like the Defendant's. The Plaintiff strongly believes that had he had counsel, this summary motion would be denied and an trial would be scheduled.

-5-

II. <u>Plaintiff's Inability to Produce Evidence in Support of Individual Capacity Claims against the Defendants, is due to the Inability to Conduct their Depositions.</u>

Plaintiff believes that if he had an Court-Appointed Attorney who had taken the Defendant's Depositions along with other witnesses, it would have enable him to Pursue evidence in support of his claims that were violated by Defendant's Conduct. Plaintiff was an Poor Person and unable to hire an attorney to Assist him and this Honorable abuse it's discretion when it denied him atleast Stand by Counsel to take said Depositions. Plaintiff cannot be put to Answer this Motion absent the ability to Conduct these Depositions.

III. There is a Geniune Issue of Material fact with respect to Plaintiff's Individual Claims against Defendant's Roger E. Walker, Jr. and Jenifer Melvin.

Plaintiff Disagrees with Defendant's Suggestion that there is No geniune issue of material fact with respect to his claims against Roger E. Walker, Jr. and Jennifer Melvin. It is important to recognize the Seperate factual elements giving raise to such claim:
1. Whether Legitimate Penological interests exist etc.
2. Whether other arrangements could be made for excercising his religious beliefs.

- 6 -

A. <u>There is an Geniune Issue of Material fact as to whether Legitimate Penological interest existed.</u>

The Plaintiff contends that communal religious services while in segregation would no more of an burden on staff than yard is twice a week for an total of 4 days. Communal religious services can be held only one time a week (Sundays) and only would require minimal staff to ensure security of all inmates. Also the chaplain can screen those offenders who have violent history from attending communal religious services. For 1 hour per week, religious services can be held with "minimal problems" on staff through screening process.

B. <u>There is an Geniune issue of material fact as to whether other arrangements were available to segregation units offender's for exercising their beliefs.</u>

The Plaintiff contends that between December 26, 2003 thru May 26, 2004, he wasn't given weekly counseling that is alleged by Defendants. The Plaintiff also states that he was only given five minute talk and prayer session once during his 5 month stay in Seg unit which "highly" creates an geniune fact to be determined by an Jury Panel to decide if such counseling was indeed available to the Plaintiff between those dates through his own testimony and proffer cross-

-7-

examination under oath of Chaplain Kennell, an Jury would be in a better position to decide if indeed an alternative to Communal religious services assisted between December 26, 2003 thru May 26, 2004 and was available to the Plaintiff. Furthermore, at an trial the Plaintiff could provide additional offenders who were in segregation units at Pontiac Correctional Center who also was deprived this First Amendment Right to religion if given Counsel assistance to obtain names which are not available to the Plaintiff due to security reasons where he needs assistance to get said information.

## Conclusion

Wherefore the Plaintiff's First Amendment Rights were violated, since no legitimate penological reasons existed for not having an alternative means available to segregation offenders at Pontiac Correctional Center. The Plaintiff is being prejudiced by this Honorable for failure to appoint Counsel to assist him in this cause in order for him to show or provide evidence to support his First Amendment Violations. For these reasons, an Jury trial shall be appointed to decide these facts.

-8-

Respectfully Submitted,

*Keven L. Carter*
Keven L. Carter # R25659
Pinckneyville Correctional CTR.
P.O. Box 999
Pinckneyville, IL. 62274
Telephone: _____
Date: November 12, 2006

## Certificate of Service

I hereby certify that on <u>November 2006</u>, I mailed an copy of "Plaintiff's response to Defendant's Motion for Summary Judgment" by United States Postal Service to the defendant's counsel as indicated below:

Lisa Madigan
Attorney General of State of Illinois
ATTN. Carrie L. Kinsella, Asst. Atty. General
500 South Second Street
Springfield, IL. 62706

Respectfully Submitted,

*Keven L. Carter*

Keven L. Carter #R25659
Plaintiff, Pro Se
Pinckneyville Correctional CTR.
P.O. Box 999
Pinckneyville, IL. 62274
Telephone: _____